UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN B. MURPHY,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | No. CV-13-3131-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 15, 16.) Attorney Thomas Bothwell represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS plaintiff's Motion for Summary Judgment and DENIES defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Nathan B. Murphy (plaintiff) protectively filed for supplemental security income (SSI) on December 13, 2010. (Tr. 147, 167.) Plaintiff alleged an onset date of March 1, 2009. (Tr. 147.) Benefits were denied initially and on reconsideration. (Tr. 80, 90.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Gordon W. Griggs on August 27, 2012. (Tr. 25-54.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 30-46, 51-52.) Vocational expert Trevor Duncan also testified. (Tr. 46-51.) The ALJ denied benefits (Tr. 11-18) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 29 years old at the time of the hearing. (Tr. 31.) He has a GED. (Tr. 31.) He was enrolled in online classes for IT security through Colorado Technical University at the time of the hearing. (Tr. 31.) His last job was cleaning dishes and cooking food for about three weeks at a Mongolian restaurant. (Tr. 35.) He left that job due to a confrontation with his manager. (Tr. 35.) He estimates he has had 12 or 13 different jobs. (Tr. 38.) His longest job lasted about two months. (Tr. 38.) It ended because he overslept. (Tr. 38.) He testified he would like to think he could work full time and last more than a month or two at a job, but he has not proved it yet. (Tr. 38-39.) Plaintiff testified he has significant problems maintaining attention and concentration at work, performing activities on schedule, and maintaining regular attendance. (Tr. 39.) He is very bad with scheduling, going to work on time, and remembering things for even two hours. (Tr. 39.) He does not get along with people very well. (Tr. 39.) He has been to a crisis center for suicidal ideation multiple times. (Tr. 41.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since December 13, 2010, the application date. (Tr. 13.) At step two, the ALJ found plaintiff had the following severe impairments: attention deficit hyperactivity disorder (ADHD), a bipolar disorder, and posttraumatic stress disorder. (Tr. 13.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 14.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant could have only occasional and superficial contact with the public, co-workers, and supervisors. He could tolerate only occasional changes in the work setting.

(Tr. 15.) At step four, the ALJ found plaintiff could return to past relevant work. (Tr. 17.) Alternatively, at step five, after considering plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ found there are jobs existing in the national economy that the plaintiff is able to perform. (Tr. 17.) Thus, the ALJ concluded plaintiff was not under a disability as defined in the Social Security Act since December 13, 2010, the date the application was filed. (Tr. 18.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly rejecting the opinions of treating and examining providers; (2) failing to conduct a proper step four assessment; and (3) failed to identify specific jobs available in significant numbers consistent with plaintiff's specific functional limitations. (ECF No. 15 at 10-19.) Defendant argues: (1) the ALJ properly evaluated the medical evidence; and (2) the RFC and other step four findings are supported by substantial evidence. (ECF No. 16 at 6-12.)

## DISCUSSION

**1.     Opinion Evidence**

    **a.     Therapist Opinions**

Plaintiff argues the ALJ improperly rejected the opinions of Christopher Clark, M.Ed., LHMC; Lauren Akers, ARNP; Russell Anderson, LICSW; and Deborah Blaine, M.S., LMHC. (ECF No. 15 at 12-14.) Mr. Clark completed a DSHS Psychological/Psychiatric Evaluation form in March 2009. (Tr. 224-29.) He diagnosed PTSD, depression, and ADHD by history, and noted possible diagnoses of schizoaffective disorder, bipolar type and bipolar disorder NOS. (Tr. 225.) He assessed one marked and two moderate limitations in areas of cognitive functioning and noted that plaintiff is "very intelligent, tangential, circumstantial." (Tr. 226.) Mr. Clark also assessed one marked and four moderate limitations in areas of social functioning and commented that plaintiff "does not consistently stay on schedule, becomes disinterested and dysphoric and

gets fired." (Tr. 226.) Mr. Clark also noted is was difficult to determine whether plaintiff is psychotic, narcissistic, or nonconventional. (Tr. 227.)

Ms. Akers completed a psychiatric evaluation in May 2009. (Tr. 230-32.) She diagnosed PTSD; major depression, single episode, severe; and r/o bipolar. (Tr. 231.) She noted plaintiff was cooperative, agitated, restless, and had difficulty sitting still. (Tr. 231.) She found it "difficult to get a word in edgewise" and noted plaintiff was tangential, his mood was grandiose and expansive, and his thought content had an obsessive quality and depressive trends. (Tr. 231.)

Mr. Anderson completed a DSHS Psychological/Psychiatric Evaluation form in August 2010. (Tr. 233-38.) He diagnosed bipolar I disorder; PTSD, and ADHD. (Tr. 235.) Mr. Anderson assessed two marked and two moderate limitations in areas of cognitive functioning and three marked and one moderate limitations in areas of social functioning. (Tr. 236.) Mr. Anderson indicated plaintiff has a great deal of difficulty focusing or staying on task; that he is extremely anxious, impulsive; and he has poor decision-making skills. (Tr. 236.) Mr. Anderson opined plaintiff would likely benefit from vocational rehabilitation once his mood function is stabilized and his ADHD is under control. (Tr. 237.)

Ms. Blaine completed a DSHS Psychological/Psychiatric Evaluation form in June 2011. (Tr. 263-67.) Ms. Blaine diagnosed bipolar disorder, PTSD, and ADHD. (Tr. 264.) She assessed four marked and two moderate functional limitations. (Tr. 265.) She noted plaintiff was "decent" at keeping the house clean, taking care of three children, and doing some cooking, automotive repair and home repair. (Tr. 265.) Ms. Blaine noted plaintiff seemed to be benefitting from cognitive behavioral therapy and would most likely need to find work that keeps his attention but with limited interaction with others. (Tr. 266.)

The ALJ gave little weight to the evaluations of mental functioning by Mr. Clark, Ms. Akers, Mr. Anderson and Ms. Blaine. (Tr. 17.) The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ disregards evidence from an "other source," the ALJ must provide reasons "that are germane to

each witness." *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir.1996); *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993). Further, the reasons "germane to each witness" must be specific. *Stout v. Comm'r,* 454 F.3d 1050, 1054 (9th Cir.2006).

Because the findings of Mr. Clark, Ms. Akers, Mr. Anderson and Ms. Blaine are "other source" opinions, the ALJ must cite specific and germane reasons to justify rejecting the opinions. The only "reason" cited by the ALJ in rejecting the four therapist opinions is, "I find more persuasive the evaluation of the claimant by the examining psychiatrist. As noted above, Dr. McClelland has far superior educational credentials, training, and experience than those who have submitted some of the forms in the record." (Tr. 17.) There is no other reason give or any further discussion of the other source opinions.

While it may be appropriate for an ALJ to assign less weight to the opinion of an "other source," the ALJ may not reject an "other source" opinion based solely on the credentials of the source. The regulations provide that "regardless of source," the Social Security Administration "will evaluate every medical opinion [it] receive[s]." 20 C.F.R. § 404.1527(d). Further, opinions from the other medical sources, who are not technically deemed "acceptable medical sources" under the regulations, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file. S.S.R. 06-3p. Dr. McClelland's credentials have nothing to do with the therapist opinions and are therefore not germane to the opinions. As a result, the ALJ cited no germane reasons for rejecting the opinions of the "other source" providers and the ALJ erred.

      b.      Dr. McClelland

Plaintiff argues the ALJ failed to include all of the limitations identified by Dr. McClelland in the RFC and hypothetical to the vocational expert. (ECF No. 15 at 16.) Dr. McClelland examined plaintiff and completed a psychiatric evaluation in May 2011. (Tr. 257-61.) He diagnosed major depressive disorder, severe, recurrent without psychotic features; PTSD; ADHD; and r/o hallucinogen dependence in full sustained remission. (Tr. 260.) Dr. McClelland opined plaintiff should be able to perform simple and repetitive tasks, but may struggle with more detailed and complex tasks. (Tr. 261.) He indicated plaintiff may struggle to accept instructions from supervisors, but should not have too many difficulties interacting with coworkers and the public. (Tr. 261.) Dr. McClelland found plaintiff should be able to perform work activities on a consistent basis without additional instruction, but he may struggle to

maintain regular attendance in the workplace. (Tr. 261.) Further, he may have interruptions in a workday or workweek due to impulsivity and being too anxious. (Tr. 261.) Dr. McClelland also found plaintiff may struggle in dealing with the usual stress encountered in the workplace. (Tr. 261.)

The ALJ assigned "great weight" to Dr. McClelland's evaluation. (Tr. 16.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). In giving weight to the opinion, the ALJ pointed out Dr. McClelland opined that plaintiff's problems are treatable and that he seems to be moderately limited. (Tr. 260.) Notwithstanding, the ALJ rejected Dr. McClelland's assessment of a GAF of 42 as not consistent with the rest of his findings. (Tr. 16, 260.)

However, the ALJ did not mention or address all of the limitations identified by Dr. McClelland. The RFC includes limitations of occasional and superficial contact with the public, co-workers, and supervisors and only occasional changes in the work setting. (Tr. 15.) These limitations are essentially consistent with Dr. McCelelland's findings. However, the RFC does not include limitations related to Dr. McClelland's findings of difficulty maintaining regular attendance in the workplace or the possibility of interruptions in a workday or workweek due to impulsivity and anxiousness. (Tr. 15.) The ALJ should have developed an RFC consistent with these limitations or rejected that portion of Dr. McClelland's opinion with specific, legitimate reasons supported by substantial evidence. As a result, the ALJ erred.

    c.    **Dr. Postovoit**

Plaintiff argues the ALJ failed to properly consider the limitations assessed by the reviewing agency psychologist, Dr. Postovoit. (ECF No. 15 at 14.) Dr. Postovoit reviewed the record and prepared a mental residual functional capacity assessment in June 2011. (Tr. 61-62.) Dr. Postovoit opined that plaintiff is able to do simple and some more complex tasks; would be capable of at least superficial contact with coworkers, supervisors and the public; he could have

problems with attendance and completing a workweek; and he would do best working independently rather than under close supervision. (Tr. 62.) The ALJ did not assign weight to, reject, or otherwise acknowledge Dr. Postovoit's opinion. (Tr. 16-17.)

Dr. Postovoit's findings include limitations not addressed in the RFC. (Tr. 15, 62.) The nonexertional limitations in the RFC include occasional and superficial contact with the public, co-workers, and supervisors; and only occasional changes in the work setting. (Tr. 15.) The RFC does not include and the ALJ did not address or reject Dr. Postovoit's finding about problems with attendance and completing a workweek. The vocational expert testified that employers have a limited tolerance regarding absenteeism and breaks from work. (Tr. 51.) Thus, Dr. Postovoit's opinion is relevant to the ultimate disability determination. As a result, the ALJ's failure to address Dr. Postovoit's opinion and the finding regarding work attendance is error.

**2.    Step Four**

Plaintiff argues the ALJ failed to properly compare the claimant's RFC with the specific demands of plaintiff's past relevant work as required by S.S.R. 82-62. (ECF No. 15 at 16-17.) In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact:

1. A finding of fact as to the individual's RFC;
2. A finding of fact as to the physical and mental demands of the past job/occupation; and
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

S.S.R. 82-62. The burden of proof lies with the Plaintiff at step four, but the ALJ still has a duty to make the requisite factual findings to support his conclusions. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); S.S.R. 82-62.

The ALJ stated, "In comparing the claimant's residual functional capacity with the physical and mental demands of his job as a kitchen helper, I find that the claimant is able to perform it as actually and generally performed." (Tr. 17.) The ALJ cited the vocational expert's testimony and found it consistent with the evidence. (Tr. 17.) Plaintiff cites *Pinto* and argues the ALJ improperly relied solely on the conclusion of the vocational expert without making a comparison of the RFC with the demands of plaintiff's past relevant work. (ECF No. 15 at 16.) However, *Pinto* holds that an ALJ may rely on a job description in the Dictionary of

Occupational Titles which is not consistent with a claimant's identified limitations only when the ALJ definitively explains this deviation. 249 F.3d at 847. In this case, the vocational expert did not deviate from the DOT definitions.[1] (Tr. 47.) Plaintiff has failed to identify any deviation from the DOT with respect to limitations established by the record and plaintiff's past relevant work. *Pinto* is therefore inapplicable on this issue. As a result, the ALJ's comparison of RFC and past relevant work is adequately supported. Notwithstanding, because of the ALJ's errors discussed *supra*, the RFC finding is in question. As a result, a new step four finding is necessary on remand.

**3.     Remand**

Plaintiff argues remand would only delay an award of benefits and urges the court to reverse for an immediate award of benefits. (ECF No. 15 at 19, 18 at 5.) There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining opinions. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues).

Notwithstanding, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir.2005)).Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197,

---

[1] The vocational expert testified he would advise of any differences between his opinion and the information contained in the Dictionary of Occupational Titles. (Tr. 47.) His testimony did not identify any differences between plaintiff's past relevant work as a dishwasher as performed and the DOT definition. (Tr. 48.)

1202 (9th Cir. 1990). In this case, remand is the proper disposition so that the ALJ may properly consider and address all of the evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

# CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. This matter must be remanded for proper consideration of all of the opinion evidence. On remand, the ALJ should provide legally sufficient reasons for rejecting any medical or psychological opinions. A new step four finding is also necessary.

.   **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(ECF No. 16)** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED March 9, 2015

                     *s/ Fred Van Sickle*
                      Fred Van Sickle
           Senior United States District Judge